## Commonwealth v. Taylor

*Merrill Verlin,* for Commonwealth.
*Albert Foster,* for defendant.

MacPHAIL, P. J., February 19, 1970.—In this case, defendant moves to quash the transcript returned to the court by the issuing authority. The charge against defendant is surety of the peace: Act of March 18, 1909, P. L. 42, 19 PS §24.

It is alleged by defendant that the transcript is fatally defective because it fails to show that the issuing authority made an effort to compromise the matter. The Act of March 18, 1909, P. L. 42, 19 PS §26, specifically mandates that the issuing authority afford an opportunity and suggest to the parties the propriety of compromising their differences before entering into a hearing. There is no statement in the transcript filed by the issuing authority that this was done.

Pennsylvania Rule of Criminal Procedure 124(7) requires that the docket of the issuing authority shall *record* that an effort was made to compromise differences between parties where the issuing authority is required to make that effort. Pa. R. Crim. P. 125(a) requires that where a transcript is filed, it shall contain all of the information required to be recorded on the issuing authority's docket under rule 124.

It is clear that the transcript in this case is deficient. The requirement of inquiring about a compromise of the case is statutory and obligatory. If in fact the issuing authority had made the inquiry mandated by the statute and simply failed to include it in his transcript, the issuing authority could have applied to the court for permission to amend the transcript under Pa. R. Crim. P. 126. This has not been done. Defendant is entitled to the relief he seeks.

## ORDER OF COURT

And now, February 19, 1970, the motion to quash is granted and the case is dismissed. Costs to be paid by the County of Fulton.